**Affirmed and Memorandum Opinion filed November 20, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00005-CV

### GREEN ENERGY OILFIELD SERVICES LLC, Appellant

### V.

### SIGNAD LTD, Appellee

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1094402**

## M E M O R A N D U M   O P I N I O N

In this appeal from a non-jury breach-of-contract case, the defendant lessee of a digital billboard challenges the legal and factual sufficiency of the evidence that its advertisement appeared on the billboard as provided in the parties' contract. We affirm.

# I. BACKGROUND

Green Energy Oilfield Services, LLC entered into a contract with SignAd, Ltd. under which SignAd would display Green Energy's advertisements on two electronic billboards for six months, and Green Energy would pay SignAd $1,200 per month for each billboard. Green Energy paid for only two months' advertisement, and SignAd sued to collect the balance under theories of breach of contract, sworn account, and quantum meruit. After a non-jury trial, the trial court rendered judgment in SignAd's favor for $6,252.00 in damages, together with pre- and post-judgment interest and attorney's fees. At Green Energy's request, the trial court issued findings of fact and conclusions of law.

On appeal, SignAd challenges the trial court's finding that SignAd provided electronic billboard advertising for Green Energy throughout the term of the contract.

# II. STANDARD OF REVIEW

In four issues, Green Energy challenges the legal and factual sufficiency of the evidence to support SignAd's breach-of-contract and sworn-account claims. Evidence is legally sufficient if, viewing all the evidence in the light most favorable to the fact-finding and considering any undisputed or conclusive contrary evidence, a reasonable factfinder could find the challenged fact to be true. *See Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016). We review factual insufficiency by considering all of the evidence pertinent to the challenged finding to determine whether the credible evidence supporting the finding is so weak or so contrary to the overwhelming weight of the evidence that the finding should be set aside and a new trial ordered. *See id.* at 615.

2

## III. BREACH OF CONTRACT

A successful breach of contract claim requires proof of (a) a valid contract, (b) performance or tendered performance by the plaintiff, (c) breach of the contract by the defendant, and (d) damages sustained by the plaintiff as a result of that breach. *M7 Capital LLC v. Miller*, 312 S.W.3d 214, 220 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Green Energy challenges only the legal and factual sufficiency of the evidence that SignAd performed under the contract.

The trial court's finding that SignAd performed as agreed is supported by the testimony of SignAd's collections manager Angie Heckel. Heckel testified that her receipt of the contract was verification that the advertisements were posted, because "Once the contracts are given to me, the ad is up." She further agreed that "the computer system shows what goes up and what goes down," and also shows "whether [the billboard] blacks out or whether it's operating." Heckel further stated that she receives a report "[i]f there is a glitch or a fault in the LEDs," and that she did not receive any report that Green Energy's advertisements were not shown on the billboards as agreed. Viewed in the light most favorable to SignAd, this evidence is legally sufficient to support the trial court's finding.

Reviewing the record in a neutral light, as we must when reviewing for factual sufficiency, we note that Heckel also admitted that she did not personally view the billboards. Her testimony agreeing that "the computer system shows what goes up and what goes down" is contradicted by her testimony denying that she "receive[d] any type of information from the computer system that [told her] yes, the ad went up or, no, the ad didn't go up." Finally, when was asked if she was "taking the guys in the sale's department's word for it" that the advertisements were posted, she agreed that she was.

3

Although Heckel's testimony was inconsistent, we cannot simply substitute our judgment for that of the trial court, for it is the province of the factfinder to resolve conflicts in the evidence. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The trial court credited Heckel's testimony favoring SignAd's claim, and the record does not show that decision to be unreasonable. On this record, we cannot say that the evidence supporting the trial court's finding that SignAd provided billboard advertising for Green Energy throughout the term of the contract is so weak or so contrary to the overwhelming weight of the evidence that the finding should be set aside.

We overrule Green Energy's challenge to the legal and factual sufficiency of the evidence to support the judgment on SignAd's breach-of-contract claim. Because our disposition of these issues is sufficient to affirm the judgment, it is unnecessary for us to address its arguments that the same evidence is legally and factually insufficient to support judgment on SignAd's sworn-account claim.

## IV. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and Brown.